ADAMS, Justice.
Respondent Ellis S. Rubin has appealed from a recommendation of the Board of Governors of The Florida Bar Association dated September 6, 1967.
The Referee found the respondent guilty of instructing his secretary to insert her name as translator in five divorce complaints whereas she was not in fact the actual translator and therefore respondent was in violation of Rule 30 of the Code of Ethics, 32 F.S.A., for which the Referee recommended respondent be given a private reprimand and ordered to pay the costs of $919.50. The referee found the respondent not guilty of certain other charges in the Bar’s complaint.
On review the Board of Governors approved the Referee’s finding of guilt under Rule 30. The Board then proceeded to find respondent guilty of Canon 47 which provides that no lawyer shall permit his professional services or his name to be used in aid of or to make possible the unauthorized practice of law by any law agency, personal or corporate.
Thereupon the Board of Governors directed that respondent be publicly reprimanded and that he pay the aforesaid cost item.
We have had the record before us, able briefs prepared and also oral argument from the Florida Bar Association.
From the whole record it becomes evident to us that this whole controversy started when a group of Cuban refugees were directed from one lawyer’s office to respondent’s office for the purpose of getting a divorce. It is true there were some irregularities but in no instance do we find any basic or essential violation of the ethics of the profession or the laws of our State. These cases were all semi-charity cases. The legal profession by and large has shown a willingness to be helpful to these unfortunate people who are handicapped languagewise as well as financially.
This is not a case where respondent has been guilty of moral turpitude, he has not defrauded anyone and there is a complete absence of falsifying records and perpetrating any wrong upon the Court.
Our conclusion is that it would be very unjust to jeopardize respondent’s professional standing. It would likewise be wrong to impose the burden of paying a substantial cost bill for this record.
Our judgment is that the findings of the Board of Governors be set aside and the proceedings dismissed.
So ordered.
ROBERTS and ERVIN, JJ., and SPEC-TOR, District Court Judge, concur.
CALDWELL, C. J., dissents.